UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA           CRIMINAL ACTION

VERSUS

ROSLYN DOGAN           NO.: 12-00073-BAJ-EWD

## RULING AND ORDER

Before the Court is the **Motion to Vacate under 28 U.S.C. § 2255 (Doc. 716)** and the **Motion to Request to Supplement/Amend the Motion to Vacate (Doc. 744)** filed by Petitioner Roslyn Dogan. The United States filed oppositions. (Doc. 726, 737). For the following reasons, the **Motion to Vacate (Doc. 716) is DENIED**, and the **Motion to Request to Supplement/Amend the Motion to Vacate (Doc. 744) is GRANTED IN PART and DENIED IN PART**.

I.    BACKGROUND

On May 2, 2013, Petitioner was indicted for conspiracy to commit health care fraud in violation of 18 U.S.C § 1349, and two counts of health care fraud in violation of 18 U.S.C. § 1347. (Doc. 150 at p. 7, 13-15). After a five day trial, the jury returned guilty verdicts on all counts. (Doc. 402). On October 31, 2014, the Court sentenced Petitioner to 90 months imprisonment, two years of supervised release, and ordered $43,528,584.00 in restitution. (Doc. 648). Petitioner did not appeal her conviction.

Petitioner filed a Motion to Vacate under 28 U.S.C. § 2255 on October 30, 2015. (Doc. 716). In her motion, Petitioner claims that her counsel was ineffective by failing

1

to: (1) examine all the evidence presented during discovery; (2) interview prosecution witnesses; (3) file a motion to sever the loss amount from her co-defendants loss amount; (4) file a motion to sever her from her co-defendant for the purposes of trial; (5) file motion a for joinder[1]; (6) disclose information to Petitioner that may cause a conflict of interest; (7) challenge all inaccuracies and "false facts" in the presentence investigation report; (8) advise defendant of the limited timeline to appeal and misrepresenting the benefits of appealing. (Doc. 716 at p. 4-9). On January 22, 2016, the Government filed an opposition. (Doc. 726).

Petitioner then timely filed a memorandum in support of her Motion to Vacate after the Court granted her request to file the memorandum. (Doc. 735-36). Petitioner realleged that her counsel failed to sever the loss amount and failed to sever her from her co-defendant. (Doc. 736 at p. 5). Without seeking leave from the Court, Petitioner also added seven additional claims of ineffective assistance of counsel. She claims that her counsel failed to: (1) cross examine government witnesses; (2) present rebuttal witnesses; (3) use impeachment evidence as directed by Petitioner; (4) call critical or expert witnesses; (5) correct the prosecutor for using "false statistic and inaccurate information"; (6) challenge prosecutorial misconduct; and (7) review *Jencks* material. (Doc. 736 at p. 5). The Government filed a supplemental response on May 6, 2016. (Doc. 737).

---

[1] Petitioner's claim that her counsel failed to file a motion for joinder is in direct conflict with her claim that her counsel failed to file a motion to sever her from her co-defendant. Petitioner does not elaborate on her joinder claim and therefore the Court disregards this claim.

2

On December 12, 2016, Petitioner then filed a Motion to Request to Supplement/Amend her Motion to Vacate. (Doc. 744). In this motion, Petitioner realleged that her counsel failed to challenge the loss amount. (Doc. 744 at p. 1). Plaintiff additionally claims that her counsel failed to object to the victim enhancements thoroughly and effectively and that he failed to object to the restitution amount. *Id.*

## II. LEGAL STANDARD

Section 2255 provides that a federal prisoner serving a court-imposed sentence may move the court to vacate, set aside or correct his sentence. 28 U.S.C. § 2255(a). Only a narrow set of claims are cognizable on a § 2255 motion. The statute identifies four grounds on which a motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." *Id.*

Once a petitioner files a § 2255 motion, the district court is required by statute to hold a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." § 2255(b). Applying this statutory command demands a two-step inquiry. First, the court must determine whether the record "conclusively negate[s] the factual predicates asserted in support of the motion for post-conviction relief" and second whether "the petitioner [would] be entitled to post-conviction relief as a legal matter if those factual allegations which

are not conclusively refuted" are true. *Friedman v. United States*, 588 F.2d 1010, 1015 (5th Cir. 1979).

## III. DISCUSSION

### A. Petitioner's Proposed Amendments

Petitioner asserts numerous additional claims for relief in her memorandum in support of her Motion to Vacate, (Doc. 736), and her Motion to Amend her Motion to Vacate. (Doc. 744).[2] To be timely, a motion under § 2255 must be filed within one year of the judgement of conviction becoming final. 28 U.S.C. § 2255(f).[3] A judgment of conviction becomes final when the conviction is affirmed on direct review or when the time for perfecting an appeal expires. *Clay v. United States*, 537 U.S. 522, 527 (2003). Since no appeal was taken, Petitioner's conviction became final on November 14, 2014, fourteen days after judgment was entered. *See* Fed. R. App. P. 4(b); (Doc. 648). The statute of limitations therefore expired one year later on November 14, 2015.

Petitioner filed her initial Motion to Vacate two weeks before the limitations period expired. (*See* Doc. 716). However, her memorandum in support of her Motion to Vacate and her Motion to Amend her Motion to Vacate, which raise new grounds for relief, were filed five and thirteen months, respectively, after the limitations period expired. (Doc. 736, 744). Amendments to a motion to vacate are timely only

---

[2] The Court granted Petitioner leave to file a memorandum in support of her Motion to Vacate, but it did not grant (and Petitioner did not request) leave to amend her initial motion to vacate. (Doc. 735-36). The Court, however, will construe her memorandum in support as a motion to amend.

[3] There are exceptions to this rule that do not apply here.

4

if the amended claims relate back to the original petition. *United States v. Gonzalez*, 592 F.3d 675, 679 (5th Cir. 2009). "An amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out the conduct, transaction, or occurrence set out-or attempted to be set out- in the original pleading[.]" Fed. R. Civ. P. 15(c)(1)(B).

Amendments to a habeas petition do "not automatically relate back merely because they arose out of the same trial and conviction." *Gonzalez*, 592 F.3d at 679. Additionally, "[n]ew claims of ineffective assistance of counsel do not automatically relate back to prior ineffective assistance claims simply because they violate the same constitutional provision." *Id.* Courts must look to whether "a new ground for relief [is] supported by facts that differ in both time and type from those the original pleading set forth." *Id.* (quoting *Mayle v. Felix*, 545 U.S. 644, 650 (2005)). For example, in *Gonzalez*, the United States Court of Appeals for the Fifth Circuit held that a proposed amendment, alleging that petitioner's counsel failed to file a notice of appeal, did not relate back to petitioner's original claim that his counsel coerced him to go to trial and was ineffective during the sentencing phase. *Id.* at 680.

Here, Plaintiff's initial Motion to Vacate challenged her counsel's effectiveness during the pre-trial phase, the sentencing phase, and the appeal stage. (*See* Doc. 716).[4] Petitioner's memorandum in support of her motion to vacate, raises separate claims that her counsel erred during trial by, among other things, failing to present

---

[4] Petitioner's self-styled cover letter to her motion to vacate states that she is challenging the trial phase as well, but the specific claims she raises do not actually address the trial phase. (Doc. 716-1 at p. 1).

5

certain witnesses, cross examine other witnesses, and correcting the prosecutor for using false information. (*See* Doc. 736 at p. 5). These claims relating to trial are not of the same type or based on the same facts as Petitioner's original claims for relief based on the pre-trial, sentencing, or appeals stages and therefore they do not relate back to her original petition. To the extent Petitioner references the claims found in her original motion, alleging that her counsel failed to sever actual loss and failed to sever her from her co-defendants, these claims relate back to her original motion to vacate.

In Petitioner's Motion to Amend, Petitioner argues that her counsel failed to object to the loss amount, an issue she raised in her first motion to vacate. (Doc. 744 at p. 1). Plaintiff additionally claims that her counsel failed to object to the victim enhancements thoroughly and effectively and that he failed to object to the restitution amount. *Id.* The presentence investigation report, however, did not recommend a victim related adjustment. (Doc. 509 at ¶ 105), and the Court did not apply one. Therefore, this amendment is futile. *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872–73 (5th Cir. 2000) ("it is within the district court's discretion to deny a motion to amend if it is futile.").

Petitioner's claim that her counsel failed to object to the restitution amount is also futile. The Court based its restitution order on the loss amount included in the Guidelines calculation because restitution is based on "the loss sustained by a victim as a result of the offense." 18 U.S.C. § 3664(e). As the Court explains *infra*, Petitioner's counsel properly objected to the loss amount. Therefore, Petitioner's

claim that her counsel failed to object to the restitution amount is futile. Petitioner's Motion to Amend is therefore denied except to the extent she argues that her counsel failed to challenge the loss amount.

B. **Ineffective Assistance of Counsel**

Petitioner raises several ineffective assistance of counsel claims. (Doc. 716). To prevail on an ineffective assistance of counsel claim, a petitioner must establish: (1) that counsel's performance was deficient; and (2) that the deficient conduct prejudiced him. *Hill v. Lockhart*, 474 U.S. 52, 58, 106 (1985). Judicial scrutiny of counsel's performance must be highly deferential, and courts must make every effort "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland v. Washington*, 466 U.S. 668, 689 (1984). Courts must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, and a defendant must overcome the presumption that the challenged action might be considered sound trial strategy. *Id.*

1. *Failure to File a Motion to Sever*

Petitioner asserts that her attorney failed to file a motion to sever her from her co-defendant, James Hunter. (Doc. 736 at p. 21-22). Petitioner claims that this prejudiced her by "making the case appear that the scheme was much larger." (Doc. 716-1 at p. 2). Rule 8(b) of the Federal Rules of Criminal Procedure allows for an indictment to "charge two or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions,

constituting an offense or offenses." Fed. R. Crim. P. 8(b). Even if joinder is proper under Rule 8(b), Rule 14 allows the Court to sever a defendant's trial if a consolidated trial would result in prejudice. Fed. R. Crim. P. 14. When the Government indicts defendants together, generally, they should be tried together. *United States v. McCord*, 33 F.3d 1434, 1452 (5th Cir. 1994). This is especially true when the defendants are charged with the same conspiracy. *United States v. McCord*, 33 F.3d 1434, 1452 (5th Cir. 1994). Severance is an appropriate remedy in only extreme cases. *Id.*

Here, Petitioner and her co-defendant, James Hunter, were charged in the same indictment and they were charged with engaging in a conspiracy to commit health care fraud. (Doc. 150). Specifically, the Government alleged that Petitioner and her co-defendant conspired together to defraud Medicare. (Doc. 150 at p. 7). Given the strong presumption that a counsel's conduct falls within the range of reasonable professional assistance, and that the Fifth Circuit has held that there is a strong preference in trying defendants charged with the same conspiracy together, the Court cannot conclude that Petitioner's counsel was ineffective in failing to file a motion for severance.

Additionally, Petitioner has not shown that she was prejudiced by her counsel's failure to move to sever her from her co-defendant. *United States v. Beamer*, 8 F.3d 20, 1993 WL 455541, *3 (5th Cir. 1993) (holding that petitioner must show that he was prejudiced by her counsel's failure to file a motion to sever). The Court instructed the jury that "the case of each Defendant should be considered by you, separately and

8

individually" and that "[t]he fact that you may find one or more or both of the accused guilty or not guilty of a crime should not control your verdict as to the other defendant or any other crime." (Doc. 443 at p. 102). Petitioner's claim that her counsel was ineffective in failing to file a motion for severance is dismissed.

### 2. *Failure to Object to the Loss Amount*

Petitioner claims that her counsel failed to properly object to the loss amount. (Doc. 716 at p. 1). However, this contention is belied by the record. Paragraph 99 of the presentence investigation report suggests a loss amount of $258,582,075.00. (Doc. 509 at ¶ 99). Petitioner's counsel specifically objected to this paragraph in his objections to the presentence report. (Doc. 618 at p. 1). Petitioner's counsel also raised this issue in a sentencing memorandum, arguing that the total loss amount appears to be $2,000,000.00, rather than $258 million. (Doc. 616 at p. 7). Therefore, Petitioner's claim that her counsel failed to object to the loss is baseless.

### 3. *Failure to Advise Petitioner of the Limited Timeline to Appeal and Misrepresenting the Benefits of Appealing.*

Petitioner claims that her attorney failed to advise her of the limited timeline to appeal. (Doc. 295 at p. 2). The Court, however, advised Petitioner that she had fourteen days to appeal her conviction at the conclusion of the sentencing hearing.[5] Therefore, even if her attorney did not advise Petitioner of the time to appeal, Petitioner cannot show that she was prejudiced because she was well-aware of the time to appeal. *See Hill v. Lockhart*, 474 U.S. 52, 58, 106 (1985) (holding that to

---

[5] Any references to statements made at the sentencing hearing are based on the Court's review of the audio recording of the hearing because neither party requested a transcript of the hearing.

9

prevail on an ineffective assistance of counsel claim, a petitioner must establish that the deficient conduct prejudiced her). Petitioner also claims that her attorney misrepresented the benefits of appealing. (Doc. 295 at p. 2). Petitioner, however, does not provide any specific facts about how she was purportedly misled. *See infra* at III(B)(4). Therefore these claims are dismissed.

### *4. Petitioner's Conclusory Allegations*

Petitioner claims that her counsel was ineffective in several other ways, each of which is nothing more than a conclusory allegation. Mere "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding." *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000). Indeed, the Fifth Circuit has made clear that an ineffective assistance claim is meritless, absent a specific showing of how alleged errors and omissions were constitutionally deficient, and how they prejudiced the petitioner's right to a fair trial. *Barnard v. Collins*, 958 F.2d 634, 642 n.11 (5th Cir. 1992).

Petitioner makes a variety of conclusory allegations regarding her counsel's performance. She alleges that her attorney failed to "go through all the evidence" presented by the Government" and "research the government's discover[y]" (Doc. 736 at p. 19, 744 at p. 4). Petitioner does not explain what this evidence is or how she was prejudiced. Petitioner also claims that her counsel failed to interview and question prosecution witnesses. (Doc. 736 at p. 23). She does not, however, allege who these witnesses were and how they would have changed the outcome at trial. Further, Petitioner claims that her counsel failed to disclose information that "may

cause a conflict of interest." (Doc. 716 at p. 5). But again, she failed to describe any such potential conflict with particularity. Finally, Petitioner claims that her counsel failed to challenge all inaccuracies and "false facts" in the presentence investigation report. (Doc. 716 at p. 8). But yet again, beyond this threadbare allegation, Petitioner provides no specifics about these inaccuracies or "false facts." The Court therefore dismisses each of these claims.

IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that the **Motion to Vacate under 28 U.S.C. § 2255 (Doc. 716)** is **DENIED**.

**IT IS FURTHER ORDERED** that the **Motion to Request to Supplement/Amend the Motion to Vacate (Doc. 744)** is **GRANTED IN PART** and **DENIED IN PART**.

Baton Rouge, Louisiana, this 30th day of November, 2017.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA